IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BYRON K. RED KETTLE, | ) | 8:11CV264 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner's Motion for Production (filing no. 19), Motions to Appoint Counsel (filing nos. 15 and 17), and Motion to Extend Time to File Brief (filing no. 18). Respondents filed an Objection to the Motions to Appoint Counsel (filing no. 16) and the Motion for Production (filing no. 20).

In his Motion for Production, Petitioner requests that Respondents produce seven separate categories of documents, including the full, transcribed proceedings from his 1987 state-court criminal case and every document related to his transfer to state custody. (Filing No. 19.) Respondents argue that the requested documents are irrelevant to the pending Motion for Summary Judgment. (Filing No. 20.) At this stage of the proceedings, the court agrees with Respondents and finds that production of the requested documents is unnecessary. In the event that the court deems the documents necessary to the resolution of this matter, including the pending Motion for Summary Judgment, the court will require the production of those documents. However, the Motion for Production is denied at this time.

Petitioner also seeks the appointment of counsel. (Filing Nos. 15 and 17.) As the court has previously informed Petitioner, "[t]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually

impaired or an evidentiary hearing is required.  *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).  *See also* Rule 8(c) of the *Rules Governing Section 2254* Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted.)  The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

    IT IS THEREFORE ORDERED that:

    1.    Petitioner's Motion for Production (filing no. 19) is denied.  Respondents' Objection (filing no. 20) is granted.

    2.    Petitioner's Motions to Appoint Counsel (filing nos. 15 and 17) are denied.  Respondents' Objection (filing no. 16) is granted.

    3.    Petitioner's Motion to Extend Time (filing no. 18) is granted.  Petitioner shall have until **December 21, 2011**, to file a brief in response to the pending Motion for Summary Judgment.  In the event that Petitioner does not file a brief by that date, the court will rule on the Motion for Summary Judgment.  In the event that Petitioner does file a brief by that date, Respondents shall have 30 days after the filing of the brief in which to file a reply brief.

    4.    The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 21, 2011: deadline for Petitioner to file response to motion for summary judgment.

    DATED this 21st day of November, 2011.

    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.