IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BYRON K. RED KETTLE, | ) | 8:11CV264 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondent's[1] Motion for Summary Judgment. (Filing No. 13.) As set forth below, the Motion is granted and Petitioner Byron K. Red Kettle's ("Red Kettle") Petition for Writ of Habeas Corpus ("Petition") is dismissed.

### *BACKGROUND*

Red Kettle's Petition relates to convictions and sentences he received as a result of events occurring in South Dakota and Nebraska in 1987. Regarding the South Dakota events, and as summarized by the South Dakota Supreme Court:

> After robbing the Conomart Store at Box Elder, South Dakota, on September 30, 1987, Red Kettle kidnapped the clerk of the store. Red

---

[1] Red Kettle asserts his Petition pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 and includes "The United States of America" as a Respondent. (Filing No. 1.) However, "§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)). Based on the record before the court, there is no question that Red Kettle is in custody pursuant to a judgment of the State of Nebraska. The Petition therefore arises under 28 U.S.C. § 2254 regardless of the label Red Kettle has chosen, and the United States of America shall be terminated as a Respondent in this matter.

Kettle fled to Nebraska, where the clerk eventually escaped and Red Kettle was captured. While Red Kettle was being held in the Pennington County jail under federal kidnapping charges, he attacked a correction officer in an attempt to escape.

*State v. Red Kettle*, 452 N.W.2d 774, 774 (S.D. 1990) ("*Red Kettle I*").

As a result of the events that occurred in South Dakota, on April 1, 1988, Red Kettle pled guilty to one count of kidnapping in the United States District Court for the District of South Dakota. (Filing No. 12-2, Attach. 2, at CM/ECF p. 2.) United States District Judge Richard Battey sentenced Red Kettle to life imprisonment on that conviction. (*Id.*) Red Kettle thereafter pled guilty to one count of kidnapping and one count of assault for the same conduct in South Dakota state court. The South Dakota state court sentenced Red Kettle to life in prison for the kidnapping conviction and 30 years in prison on the assault conviction. *Red Kettle I,* 452 N.W.2d at 775. After appeal, the South Dakota Supreme Court ordered that the South Dakota state sentences were ordered to be served concurrently to the federal sentence. *Id.* at 776-77.

Regarding the Nebraska events, and as summarized by the Nebraska Supreme Court:

On September 30, 1987, defendant entered a ConoMart convenience store near Box Elder, South Dakota, at approximately 3 a.m. He held a knife to the throat of the victim, who was a clerk at the store; took money from the cash register; and then took the victim with him and drove away in her car. He drove through Pennington County, South Dakota, where, at some point, defendant pulled off the road and told the victim to take her sweater off. She refused, and he grabbed her by the jawbone and squeezed; he then told her if she did not cooperate it would not bother him to kill her. She complied. Defendant then grabbed the front of her bra and tore it in two. No further testimony was received regarding events in South Dakota.

2

>   Defendant drove across the Pine Ridge Indian Reservation and headed further south, into Sheridan County, Nebraska, where he eventually stopped at a grove of trees near a country road. At this point, the victim did not know where they were. Defendant and the victim got out of the car, walked around, and returned to the car. Defendant opened the trunk, took out a mat, and laid it on the ground. He told the victim to take her clothes off, which she did, and defendant had sexual intercourse with her.
>
>   At some point later, the victim asked defendant if she could "go to the bathroom." She then ran away to a nearby farmhouse. No one was at the house and the victim entered. She contacted the county sheriff's office by telephone. The sheriff was sent in the general direction of the farm, as determined by the telephone number, since the victim did not know her location. The dispatchers determined the location of the farmhouse and radioed the sheriff, who drove to the farmhouse and picked up the victim. As the sheriff was driving out of the farmyard, defendant drove up in the victim's car. Defendant then drove away at a high rate of speed, pursued by several officers, and was eventually taken into custody in northern Sheridan County after defendant drove through a roadblock and blew out a tire on the car he was driving.

*State v. Red Kettle*, 476 N.W.2d 220, 222-23 (Neb. 1991) ("*Red Kettle II*").

On April 11, 1990, a Nebraska jury convicted Red Kettle of one count of first degree sexual assault ("Count I"), one count of operating a motor vehicle to avoid arrest ("Count II"), and one count of receiving or retaining stolen property ("Count III") for the events occurring in Nebraska. *Id.* On May 15, 1990, the Sheridan County, Nebraska District Court sentenced Red Kettle to 15 to 25 years on Count I, and 1-3 years each on Counts II and III. (Filing No. 12-1, Attach. 1, at CM/ECF p. 3.) The Sheridan County District Court specified that the sentences for Count II and Count III were "to be served concurrently with each other, but consecutive to the sentence for Count I." (*Id.*) The Sheridan County District Court further specified that the sentence on Count I was "to be served consecutively with any Federal or South Dakota State sentence now being served." (*Id.*) Red Kettle was released from his

federal sentence on June 13, 2009, and began serving his Nebraska state sentence on that same date. (*Id.* at CM/ECF p. 5; Filing No. 12-2, Attach. 2, at CM/ECF p. 1.)

Red Kettle filed his Petition in this court on August 2, 2011. (Filing No. 1.) Although it is difficult to decipher, the court summarized Red Kettle's Petition to assert one claim:

> Petitioner was denied due process of law in violation of the Fourteenth Amendment *because* he is being held illegally by the State of Nebraska and he is entitled to an "overall reduction" of his sentence and credit for time already spent in federal custody (the "Habeas Claim").

(*Id.*) Respondent thereafter filed his Motion for Summary Judgment (filing no. 13) and Brief (filing no. 14). Red Kettle filed a Response to the Motion for Summary Judgment. (Filing No. 27.) This matter is therefore deemed fully submitted.

## *ANALYSIS*

In his Motion for Summary Judgment, Respondent argues that Red Kettle is not entitled to habeas corpus relief because "he is not in custody in violation of federal law." (Filing No. 14 at CM/ECF p. 4.) The court agrees.[2]

As set forth by the Eighth Circuit, where one jurisdiction orders or treats a

---

[2] The parties have not addressed whether Red Kettle's Habeas Claim has been exhausted in the state court or whether it may be barred by the applicable statute of limitations. (Filing Nos. 14 and 27.) Notwithstanding these potential procedural issues, the court may reach the merits of the Petition because the record is adequate to do so. *See*, *e.g.*, *Winfield v. Roper*, 460 F.3d 1026, 1038 (8th Cir. 2006) (holding that, where the record before the court presented adequate information upon which to base a decision on the merits of the petitioner's claims, a court may alternatively consider the merits of the petitioner's claim rather than concentrating only on procedural questions).

sentence as consecutive to that imposed by another jurisdiction, the "claim does not implicate any federal rights and therefore cannot properly be the subject of federal habeas corpus relief." *Piercy v. Black*, 801 F.2d 1075, 1078 (8th Cir. 1986). In *Piercy*, the petitioner sought credit against his Nebraska conviction for time served on a separate Iowa conviction. *Id.* at 1077. Because the Iowa court was silent as to whether the sentence was to be served consecutively or concurrently to the Nebraska conviction, and because the Nebraska courts treated the sentences as consecutive "without notice or hearing," the petitioner claimed that his sentence violated the due process clause of the Fourteenth Amendment. *Id.* at 1078. The Eighth Circuit disagreed, finding that there was "no liberty interest in the concurrent running" of his two sentences. *Id.*

Here, the Sheridan County District Court was clear that Red Kettle's Nebraska state sentence was "to be served consecutively with any Federal or South Dakota State sentence now being served." (Filing No. 12-1, Attach. 1, at CM/ECF p. 3.) As in *Piercy*, Red Kettle does not have a liberty interest in the concurrent running of his federal, South Dakota, and Nebraska convictions. Rather, where "[t]here is no indication . . . that the Federal sentence was to run anything but consecutive to any state incarceration," habeas corpus relief is not warranted. *Chaney v. Ciccone*, 427 F.2d 363, 365 (8th Cir. 1970); *see also Anderson v. Oregon*, 981 F.2d 1257, 1257 (9th Cir. 1992) (finding that the petitioner's § 2254 claim that "he should receive credit towards his state sentence for the time he has served for his federal sentence . . . lacks merit" because the petitioner's state sentence was ordered to "run consecutive to his federal sentence"). In light of the Nebraska state court's clear directive that Red Kettle's Nebraska state sentence run consecutively to his other sentences, both of which were occurred prior to his Nebraska convictions, Red Kettle's claim lacks merit. As such, the Petition is dismissed.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 13) is granted.

5

Petitioner Byron K. Red Kettle's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. All other pending motions are denied.

3. In accordance with this Memorandum and Order, the Clerk of the court is directed to terminate "The United States of America" as a Respondent in this matter.

DATED this 9th day of February, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.